# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| **JULIUS TATE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:09CV230** |
| | ) | |
| **TREASA FRANKLIN, Nurse,** | ) | |
| **DR. STRICKLAND, LT. TURNER,** | ) | |
| **CORPORAL SMITH, MAJOR** | ) | |
| **DUNNIGAN, and MEDICAL** | ) | |
| **DEPARTMENT, ORANGE COUNTY** | ) | |
| **JAIL,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Julius Tate, a North Carolina prisoner who proceeds *pro se* and *in forma pauperis,* filed this action pursuant to 42 U.S.C. § 1983.  As Defendants, Plaintiff named "Nurse Treasa Franklin, Dr. Strickland, Lt. Turner, Corporal Smith, Medical Department, Major Dunnigan, Orange County Jail, et al."  The Complaint is inartfully drawn and contains a rambling narrative under the heading "Statement of Claim."  (Docket No. 2, Complaint ("Compl.").)  The narrative focuses on allegedly inadequate medical treatment that Plaintiff Tate received while incarcerated in the Orange County Jail in 2008.  Defendants have responded to the complaint by filing motions to dismiss.  (Docket Nos. 23 and 26.)

The Complaint is not organized causes of action. The Court has a duty to liberally construe the allegations of the *pro se* Plaintiff. Nonetheless, the Court is not required "to conjure up questions never squarely presented" and "cannot be expected to construct full blown claims from sentence fragments. . . ." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985.) Construing the *pro se* Complaint under these guidelines, the Court finds that Plaintiff Tate has attempted to state, against all Defendants, a claim of deliberate indifference to his serious medical needs. *See generally Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Specifically, Plaintiff complains of indifference to his need for medication and treatment regarding pain in his left knee.

With Plaintiff's legal claim so defined, the Court now considers the discrete allegations of the Complaint. Plaintiff alleges that he was admitted to the Orange County Jail on August 30, 2008, and told an unnamed officer of the medications he was taking. Plaintiff was told he would be seen by a doctor and should give that information to the doctor. Plaintiff was not seen until October 27, 2008, after he submitted a sick call request due to pain in his left knee. Thereafter, he was "rushed to Durham Regional Hospital" within one week for pain in his chest and knee. While at the hospital, he was given his proper medications and the pain went away. He was taken back to the jail and was denied

-2-

his medication.[1]  He was finally seen by Dr. Strickland after submitting several grievances. Plaintiff had problems with Nurse Franklin "who is very unprofessional in carrying out her duties."  (Compl. at 3.)  Nurse Franklin said she had Plaintiff removed from POD #106 to E-Block for observation, but she never came to check on Plaintiff. Nurse Franklin told Plaintiff she could observe him by camera, but Plaintiff alleges that "the cameras she is talking about [are] blocked out. . . ."  (*Id.*)  Plaintiff alleges that he was denied his proper medication by Dr. Strickland and Nurse Franklin even after they confirmed the medication with U.N.C. Family Medicine Practice.  According to Plaintiff, "they" stated that he was not given the medication in prison because it was a narcotic, although they did not show Plaintiff a written prison policy prohibiting narcotic medications.  Plaintiff says this is the only medication that gives him relief from patella syndrome.

Plaintiff alleges that he was informed his family could bring him his own knee stabilizer from home.  Plaintiff states generally that the Orange County Jail is negligent in assisting inmates.  Lieutenant Turner at one point instructed Plaintiff to sleep on the floor when Plaintiff explained that he could not climb to the top bunk because of his knee.  When Plaintiff complained of this to Nurse Franklin, she stated that Plaintiff had used a top bunk

---

[1]  Plaintiff complains of sleeping on the floor on occasion, of having to sleep on top bunks that were hard for him to reach because of his knee, and of overcrowded conditions, but none of these allegations meet or approach the standards for alleging unconstitutional conditions of confinement.  Rather, all of his allegations are construed to relate to his claim of deliberate indifference to his medical needs.

in #106 without complaint, but Plaintiff states that in #106 he had "easy access because the bunks were right beside each other." (Compl. at 5.) Major Dunnigan reviewed a grievance submitted by Plaintiff. Plaintiff asked several times to see a written jail policy that his medication was banned, but he was ignored.

Plaintiff continues his complaint by alleging that Corporal Smith had him sent to I-Block, up two flights of stairs and farther away from the nurses' station. Sergeant Thompson had him returned to E-Block upon being shown a note stating that Plaintiff was on E-Block for medical reasons. Plaintiff fell twice during this period and immediately asked Officer Moore for medical attention. Plaintiff was told there was no one at the nurses' station and was given a form to request to be seen the next morning.

Plaintiff states that he was transferred to Craven Correctional Institute and was seen by a physician on November 17, 2008. He was given "some proper medication," issued a knee brace and walking cane, and was told he would need surgery to correct a patella abnormality, "all of which [Plaintiff alleges] could have been avoided had [he] been treated properly at the Orange County Jail." (Compl. at 5.)

Dismissal is proper under Rule12(b)(6) where a plaintiff fails to plead a short and plain statement of the claim showing the pleader is entitled to relief. *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). For the purposes of Rule 12(b)(6), the Court is not required to accept as true the legal conclusions set forth in a plaintiff's complaint. *District 28, United Mine Workers of Am., Inc. v. Wellmore Coal Corp.*, 609 F.2d 1083, 1085

-4-

(4th Cir. 1979). A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," as opposed to merely conceivable on some undisclosed set of facts. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Specifically, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citations omitted). *See also Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937 (2009).

The Orange County Defendants (Nurse Franklin, Lt. Turner, Corporal Smith, Major Dunnigan, Medical Department, and Orange County Jail) move to dismiss under Rules 12(b)(5) and 12(b)(6). On review, the Court finds that the motion to dismiss for failure to state a claim should be dismissed as to several Defendants. Defendants "Medical Department" and "Orange County Jail" are not entities subject to suit. *See Harden v. Green*, 27 Fed. Appx. 173, 178 (4th Cir. 2001); *Tate v. Dunnigan*, No. 1:06CV169, 2007 WL 4353456 (M.D.N.C. Dec. 7, 2007)(as Defendants state, the Alamance County Jail is not a legal entity). Defendant Dunnigan is mentioned in the Complaint only to the extent that it is alleged that he reviewed a grievance. Corporal Smith is alleged to have moved Plaintiff to I-Block, a higher floor than his previous location. However, a grievance form that Plaintiff attaches to the complaint recites, in Plaintiff's words, "I was moved from E-Block because I informed the officers about another inmate named Larry who is mentally disturbed and just broke out and starting calling me [and another person] black bastards Corporal

-5-

Smith responded and sent me to I block . . . ." (Compl. Attach.) In view of this statement by Plaintiff, the Complaint and exhibits do not plausibly state a claim that Corporal Smith exhibited deliberate indifference to Plaintiff's medical needs with regard to Plaintiff's move to I-Block. Lt. Turner is alleged to have instructed Plaintiff to sleep on a mat placed on the floor when Plaintiff said he could not reach a top bunk due to knee pain. Nonetheless, requiring an inmate to sleep on a mattress on the floor does not constitute cruel and unusual punishment. *See Sanders v. Kingston*, 53 Fed. Appx. 781, 783-84 (7th Cir. 2002). Nor does the allegation rise to the level of a constitutional claim when reconfigured as a claim of deliberate indifference to a serious medical need. Plaintiff does not allege that his knee pain rendered him unable to sleep on a mattress on the floor.

Defendant Franklin moves to dismiss for inadequate service of process. On review of the record, the Court does find inadequate service of process, but dismissal is not appropriate at this time in view of Plaintiff's *in forma pauperis* status.

By Order of June 29, 2009 (Docket No. 8), the United States Marshal was ordered to effect service upon the Defendants in accordance with Fed. R. Civ. P. 4. Plaintiff, as directed by the Court, supplied a summons for service for each Defendant. One summons identified Defendant Franklin's service address as the mailing address of the Orange County Jail. The Marshal served the complaint and summons by certified mail addressed to Defendant Franklin at the Orange County Jail. The record shows that Defendant Franklin was not personally served and service was not delivered to any agent authorized by law to

accept service for Defendant Franklin.  *See* Rule 4(e)(2)(A) and (C).  Nor was service made in accordance with state law.  *See* Rule 4(e)(1) and North Carolina Rule 4(j)(1).

Since the Court is obligated by Rule 4(c)(3) to order service by the Marshal on behalf of the *in forma pauperis* Plaintiff, the Complaint in this action against Defendant Franklin should not be dismissed at this time.  Rather, Plaintiff Tate will be given an opportunity to provide another summons for Defendant Franklin.  The Court finds good cause under these circumstances for an extension of time for service under Rule 4(m).

It appears that Defendant Franklin has left the employ of the Orange County Jail. Accordingly, in aid of service, **IT IS ORDERED** that Defendant Orange County Jail shall, within 30 days, by way of interrogatory answer, file under seal with the Court the last known mailing address for Defendant Franklin, so that service can be attempted once more by the Marshal.  If Defendant Franklin should choose to accept service of the Complaint at this time, disclosure of her mailing address would be unnecessary and this order would be deemed satisfied by notice of acceptance.

Defendant Dr. Strickland has moved to dismiss the complaint under Rules 12(b)(4), (5) and (6).  The Rule 12(b)(6) motion calls into question the sufficiency of the Complaint, under the test of *Ashcroft v. Iqbal*, to state a plausible claim of deliberate indifference to a serious medical need of the Plaintiff.  The Eighth Amendment test for "deliberate indifference" is a demanding one.  Deliberate indifference has been defined by the Supreme Court as being "equated with the standard for criminal recklessness." *Farmer v. Brennan*,

-7-

511 U.S. 825, 837 (1994). It is well settled that a claim of mere negligence, or medical malpractice, does not state a claim under the Eighth Amendment. *See Smith v. Metro. Transitional Ctr.*, No. 02-6383, 2002 WL 1402074 (4th Cir. 2002).

Nothing in the Complaint raises a plausible inference of deliberate indifference on the part of Dr. Strickland. Plaintiff was seen by Dr. Strickland in the fall of 2008. Plaintiff does not allege that Dr. Strickland refused to treat him or to order medication; Plaintiff asserts only that he was refused the medication that *Plaintiff* considered to be the proper medication. Further, Plaintiff was not denied a knee brace, but was allowed to have a family member bring him the stabilizer he had at home – which Plaintiff apparently declined to do. Nothing in these allegations fairly raises Plaintiff's claim of culpability above the level of negligence. To the contrary, Plaintiff's allegations show that Defendant Dr. Strickland examined and treated Plaintiff when asked to do so; Plaintiff merely disagrees with the treatment and medication that the doctor prescribed. *See Russell v. Sheffer*, 528 F.2d 318 (4th Cir. 1975)(mere disagreement between prisoner and physician does not form basis for a constitutional claim). No Eighth Amendment claim against Dr. Strickland is plausibly stated by the allegations of the Complaint.

## Conclusion

For reasons set forth above, **IT IS RECOMMENDED** that the Complaint be dismissed pursuant to Rule 12(b)(6) as to Defendants Strickland, Turner, Smith, Medical Department, Dunnigan, and the Orange County Jail. As to the sole remaining Defendant,

Nurse Franklin, **IT IS ORDERED** that the time for service of process is extended for 120 days. **IT IS FURTHER ORDERED** that Defendant Orange County Jail shall, within 30 days, file under seal by answer to interrogatory of the Court, the last known address of Defendant Franklin, unless, within that time, Defendant Franklin accepts service of process.

**IT IS FURTHER ORDERED** that Plaintiff's motion for additional service upon Nurse Franklin (Docket No. 41) is **GRANTED** as set out above.


                                                    /s/ P. Trevor Sharp
                                            United States Magistrate Judge


Date:  June 3, 2010